Greenwade *vs.* Greenwade, *et al.*

*Order affirmed.*

(Decided November 24th, 1875.)

## CHARITY GREENWADE *vs.* JOHN T. GREENWADE, and others.

*Burden of proof in cases of Lunacy—Code, Art. 16, sec. 79, construed as to who are embraced in the term Non compos mentis—Power of the Courts in cases of Lunacy.*

Before inquisition found, an alleged *non compos mentis* must be presumed to be sane, but when shown to be otherwise under the commission, it is necessary to furnish proof of her recovery.

The authority of the Court ceases upon her restoration to sanity

The term *non compos mentis* used by the *Code, Art.* 16, *sec.* 79, giving power to the Courts to superintend and direct the affairs of persons *non compos mentis,* embraces not only lunatics and idiots, but all persons of unsound mind.

The foundation of the jurisdiction of the Courts is made to depend upon the fact of the party being *non compos mentis.* Without such fact, however the party may be of weak or feeble mind, the Courts will not undertake to exercise their authority and dispose of the person and estate.

However the Courts may under special circumstances protect the person and estate of the weak-minded without a previous inquest and proof of unsoundness, their power to divest the citizen of his personal freedom and the control of his property, is of an extraordinary and delicate nature, and never to be exercised without the precautions demanded by the law.

The existence of the unsoundness of mind giving the Courts jurisdiction, is a question of fact depending upon the proof.

APPEAL from the Circuit Court for Allegany County, in Equity.

The appellant in this case was found to be *non compos mentis*, upon a writ *de lunatico inquirendo*, issued in September, 1851. On the 16th of December, 1872, she filed a petition, asking the Court to restore her to her legal rights, and to the control of her property, on the ground that her reason was entirely restored, and she was capable of attending to her own affairs.

After testimony taken, the nature of which is sufficiently stated in the opinion of this Court, the Court below, (PEARRE, J.,) passed an order, dismissing the petition. From this order the present appeal is taken.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*J. H. Gordon,* for the appellant.

*Maurice A. Healey,* for the appellees.

STEWART, J., delivered the opinion of the Court.

Under the commission of lunacy, in the year 1852, the appellant, Charity Greenwade, was adjudged to be a person of unsound mind, and incapable of having charge of her person and property.

In her application to have the commission superseded, it is alleged she has recovered from the infirmity, and ought now to be restored to her rights.

Before the inquisition found, she was presumed to be sane; but when shown to be otherwise under the commission, it was necessary to furnish proof of her recovery.

The main purpose of the original commission, was to ascertain whether such a measure was necessary for the benefit of the appellant, with reference to her mental condition and the protection of her property. *Alexander's Ch. Prac.*, 234.

If she has recovered her reason, there is no further occasion for the protection of the Court, and she is entitled to be restored to her rights.

The authority of the Court ceases upon her restoration to sanity.

Under the 79th sec. of Art. 16 of the Code, power is given to the Court to superintend and direct the affairs of persons *non compos mentis*, both as to the care of their persons and management of their estates, and to make such orders and decrees in regard thereto, as may seem proper.

The Act of 1785, ch. 72, sec. 6, thus codified, described the party to be affected thereby as lunatics or idiots. The terms *non compos mentis* used by the Code, embraces not only lunatics and idiots, but all persons of unsound mind.

The Code after prescribing the standard of incapacity, does not, nor does the Common law furnish any unerring rule, by which to determine that the party is a fit subject for the commission of lunacy. They have certainly not prescribed any degree of intellect, as essential to protect a party from the custody of a Court of Chancery.

If a person at Common law, or by the provisions of the Code, is *compos mentis*, his right to dispose of his property at his own pleasure, cannot be questioned. Whether he makes a wise, or improvident use of it, is immaterial. His own determination and will stand as sufficient reasons for his conduct.

It will be readily perceived if the standard, the unsoundness of mind prescribed by the law, was not the criterion, it would be a difficult if not an impossible task, to establish a better one, looking to a higher requisite, or the possession

of a certain defined degree of intelligence. There would be insuperable difficulty, in graduating the capacity of parties under any other rule.

The foundation of the jurisdiction of the Courts, is made to depend upon the fact of the party, being *non compos mentis*. Without such fact, however the party may be of weak or feeble mind, the Courts will not undertake to exercise their authority, and dispose of the person and estate. The appellant ought not to be treated judicially, as *non compos mentis*, if her reason has been restored.

However the Courts may, under special circumstances, protect the person and estate of the weak-minded, without a previous inquest and proof of unsoundness; their power to divest the citizen of his personal freedom, and the control of his property, is of an extraordinary and delicate nature, and never to be exercised without the precautions demanded by the law. *Colegate D. Owings' Case*, 1 *Bland*, 290.

The difficulty of the subject consists in determining when the unsoundness of mind, giving the Courts jurisdiction, exists.

It is a question of fact, depending upon the proof.

With these views of the powers and duties of the Court, and the rule referred to, for our guidance; the right of the appellant to have the commission superseded, if she has recovered her mind, cannot be questioned; but the difficulty consists, in correctly determining her true condition, from the voluminous mass of conflicting testimony, adduced upon the subject.

Her unfortunate condition, afflicted, as she has been in the earlier stages of her life, with a terrible and extraordinary disease, affecting in its results, the powers of her mind, has been described by the evidence.

There was proof also from which it appears she has been relieved of that affliction, and has, in consequence, in some degree at least, improved in her mental faculties; but

whether to such extent, as to restore her to sanity, is the question. Her case certainly entitles her to the most accurate analysis of the testimony, a great deal of which, however, is derived from the parties interested *pro* and *con*, in the solution of the problem, as it may affect their interests and not hers.

We cannot have failed to remark an effort on the part of her relatives, eventually interested in her estate, to subordinate her rights to theirs.

The management of the investigation too, seems to have rather regarded the ulterior results, than her welfare and protection. Such conduct is at war, utterly with the benign principles that ought and must govern such a proceeding, and such as ought not to receive the sanction of any Court.

But there are collateral considerations, not immediately affecting, or controlling the main enquiry, whether she has sufficiently recovered her reason, to entitle her to be relieved of the protecting guardianship of the Court.

The Circuit Court it must be remembered had the benefit of a personal examination of the appellant under the agreement in the cause.

That fact must be taken into consideration by us, together with the evidence as to her mental condition.

Under the circumstances surrounding the case, after a careful examination of the testimony, we think, there has not been sufficient ground shown to justify the reversal of the decree of the Circuit Court, and it must be affirmed.

*Decree affirmed.*

(Decided 8th December, 1875.)