# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 30, 1927.

### ANNIE S. MAHON
### VS.
### JOHN J. MAHON, ET AL.

*William Purnell Hall* for complainant.

*Harley & Wheltle & Webster* for defendants.

STANTON, J.—

The bill of complaint in this case is filed by the wife against her husband and his children, by a former marriage. Among other things, the bill of complaint recites that the husband was stricken with a serious illness from which he partially recovered, and subsequently suffered a relapse, from which he has not rallied, and that the wife was informed by the physician in attendance that her husband would never recover from his present illness, but that he would gradually grow

650

worse until the end comes. That the said relapse and existing illness has rendered her husband both physically and mentally unfit to care for either his person or his estate, and that he presents a pitiful condition as compared with his former vigorous mind and body. That he is dominated over, and intimidated by his children, until now he is a mere pawn in their hands. That the children are dissipating and squandering the estate of their father which the father is unable to prevent on account of his weakened mental and physical condition. The prayers of the bill are that the Court assume jurisdiction over the person and property of the said John J. Mahon, and that a trustee or trustees be appointed by the Court to take over the estate of the said John J. Mahon, and administer the same under the further orders of this Court. Second, that the person of the said John J. Mahon be committed to the care and custody of your oratrix, his wife, and for injunction against the other defendants, based on the grounds more particularly set out in the bill of complaint.

The defendant, John J. Mahon, has answered the bill of complaint, protesting against any action tending to interfere with the control of his person or estate, and in which answer he sets up his ability to care for himself and his estate; and demurs to the entire bill of complaint.

The demurrer in this case by way of answer raises the question of the jurisdiction of a court of equity to entertain the bill of complaint.

This case is distinguished from the Owings' case in 1 Bland, 290 and 370, and the Greenwade case in 43 Md. 313, in this important essential, namely: In both of those cases the person whose mental and physical condition was impaired initiated the proceedings, and prayed for the aid and protection of a court of equity. In such a case, with exceptional circumstances, the Court may act.

In the instant case, the defendant, John J. Mahon, whose inability to care for his person and his estate, by reason of mental and physical incapacity, is alleged in the bill of complaint, challenges the power of a court of equity to take jurisdiction under the facts of the case as disclosed by the allegations of the bill. The Court is of the opinion that the point is well taken, because the plaintiff has no vested rights in his estate which are in jeopardy; and whatever rights she may have in expectancy do not afford any jurisdictional facts on which a court of equity could grant relief in a case such as is here presented.

Sellman vs. Sellman, 63 Md. 520.

A court of equity can extend its aid in protecting and administering the interests of an incompetent both in his person and estate, but only after the incompetency of the person has been submitted to a jury summoned for that purpose, and the incompetency so declared by it.

Hamilton vs. Traber, 78 Md. p. 26 at p. 34.

For these reasons the demurrer will be sustained and the bill of complaint will be dismissed; the plaintiff to pay the costs.